Jason Ebe (#017216)
Creighton Dixon (#030529)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jebe@swlaw.com
         cdixon@swlaw.com
Attorneys for Plaintiff Matrix Service Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matrix Service Inc., <br><br> Plaintiff, <br><br> v. <br><br> Cobey, Inc., <br><br> Defendant. | No. <br><br> **Complaint** <br><br> (Jury Trial Demanded) |

Plaintiff Matrix Service Inc. ("Matrix"), for its Complaint against Defendant Cobey, Inc. ("Cobey"), alleges the following.

**Parties, Jurisdiction and Venue**

1.  Matrix is an Oklahoma corporation authorized to do business in Arizona. Matrix is the prime contractor for a liquified natural gas storage facility in Tucson, Arizona ("Project") owned by Southwest Gas Corporation ("Southwest Gas") and issued Purchase Order No. 276717006005 to Cobey to design, manufacture and furnish four rotary screw compressors and related equipment ("Equipment") for use in the Project. A true and correct copy of the Purchase Order, with the contract Terms and Conditions, is attached to this Complaint as "Exhibit A".

2.  Cobey is a New York corporation that designed, manufactured and furnished the Equipment to Matrix for the Project.

4877-2118-7869

3. The Purchase Order Terms and Conditions state that the Purchase Order will be governed by Arizona law and that any suit concerning any claims arising out of relating to the Purchase Order or any breach thereof will be instituted only in a federal or state court seated in Tucson, Arizona. The United States District Court for the District of Arizona in Tucson is the federal court located in Tucson, Arizona. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court.

4. Jurisdiction is proper in this Court under 28 U.S.C. Sec. 1332 as Matrix and Cobey are citizens of different states and the amount in controversy exceeds $75,000.

**General Allegations**

5. Cobey promised to design, manufacture and furnish the Equipment to Matrix in compliance with the requirements of the Purchase Order.

6. Cobey designed, manufactured and furnished the Equipment to Matrix, but the Equipment failed to properly function.

7. Pursuant to the Purchase Order Terms and Conditions, Matrix was entitled to, and did, provide notice to Cobey of Cobey's non-conforming tender and provided Cobey a reasonable opportunity to cure. Without limitation, from June 20, 2019 to November 13, 2019, Matrix and Cobey engaged in efforts to redesign and achieve proper performance of the Equipment but Cobey failed to provide timely remedies and was ultimately unable to succeed.

8. Based upon Cobey's failure to cure its non-conforming delivery, Matrix was entitled under the Purchase Order to terminate all or any part of the Purchase Order without prejudice to its other rights; bill Cobey and/or back-charge Cobey's account and/or set off against any amounts which are or may become payable by Matrix to Cobey, under the Purchase Order, for any and all any and all liabilities, losses, damages, claims, fees, costs and expenses incurred by Matrix arising out of or in connection with the non-conforming delivery or other breach of the Purchase Order Terms and Conditions by Cobey, including any purchase by Matrix of substitute goods or services from other suppliers, including all handling, packing, crating, freight, security, expediting, and other charges, including the

costs to remove and reinstall of the goods, if any, by Matrix for associated delays.

9. On or about November 12, 2019, Matrix terminated the Purchase Order.

10. Since that time, due to the ongoing failure of the Equipment, Matrix has undertaken its own efforts to redesign, repair, and at the request and direction of Southwest Gas, ultimately replace the Equipment in order to achieve proper performance and final acceptance of the Project by Southwest Gas, at significant expense.

11. Matrix filed a lawsuit against Cobey in United States District Court on July 23, 2020, Case 4:20-cv-00315-RCC ("First Lawsuit"). Cobey filed its answer and counterclaim in the First Lawsuit on September 8, 2020, and Matrix filed its answer to Cobey's counterclaim on September 28, 2020.

12. Matrix and Cobey agreed to dismiss the First Lawsuit without prejudice and to toll their claims during the pendency of Matrix's discussions with Southwest Gas and its redesign, repair and ultimate replacement of the Equipment ("Tolling Agreement"). The Tolling Agreement, executed by Cobey on March 18, 2021 and by Matrix on March 25, 2021, provided that the tolling of claims would end 90 days after the later of Matrix's completion of its ongoing work on the Equipment or resolution of the dispute between Southwest Gas and Matrix related to the Project, unless terminated earlier by either Matrix or Cobey which did not occur.

13. The First Lawsuit was dismissed without prejudice on April 2, 2021.

14. Southwest Gas granted final acceptance of the Project on February 28, 2022.

15. In accordance with the Tolling Agreement, Matrix brings this Complaint to timely reassert its claims against Cobey that were previously dismissed without prejudice and tolled.

### Count One – Breach of Contract

16. Matrix incorporates its prior allegations as though set forth fully herein.

17. Matrix and Cobey entered into a valid and binding contract, the terms of which are contained in the Purchase Order.

4877-2118-7869

18. Cobey, without limitation, failed to properly design, manufacture and furnish the Equipment to the requirements of the Purchase Order, thereby breaching the Purchase Order, and thereafter failed to adequately remedy its breach despite reasonable opportunity granted by Matrix, resulting in significant damages to Matrix, in an amount to be proven at trial.

**Count Two – Breach of Express Warranties**

19. Matrix incorporates its prior allegations as though set forth fully herein.

20. Cobey expressly warranted the Equipment to be of good quality and workmanship, free from all defects in workmanship and materials, merchantable, fit for the purposes intended and strictly conforming to Project specifications and other requirements. Such warranty expressly survives termination of the Purchase Order.

21. Cobey failed to design, manufacture and furnish Equipment that satisfied the foregoing requirements, thereby breaching Cobey's express warranty to Matrix, and causing Matrix significant damages in an amount to be proven at trial.

**Count Three – Breach of Implied Warranties**

22. Matrix incorporates its prior allegations as though set forth fully herein.

23. Arizona law creates an implied warranty of merchantability and fitness for a particular purpose in the sale of goods. A.R.S. §§ 47-2314 - 2315.

24. The Equipment was defective and unfit for the ordinary purpose for which such goods are used and unfit for the particular purpose for which the product was required.

25. These implied warranties have not been excluded or modified.

26. Cobey knew of the particular purpose for which the Equipment was required, and Matrix relied on Cobey to design, manufacture, and furnish Equipment suitable for this purpose.

27. Cobey failed to design, manufacture and furnish Equipment that satisfied the foregoing requirements, thereby breaching Cobey's implied warranties to Matrix, and causing Matrix significant damages in an amount to be proven at trial.

4877-2118-7869

## Count Four – Indemnification

28. Matrix incorporates its prior allegations as though set forth fully herein.

29. The Purchase Order Terms and Conditions provide that Cobey will indemnify Matrix from and against any and all liabilities, losses, damages, claims, costs and expenses, including reasonable attorneys' fees, to the proportional extent arising from or attributable to any act, omission, or negligence of Cobey. Such indemnity obligation expressly survives termination of the Purchase Order.

30. The Purchase Order created a duty by Cobey to Matrix to exercise reasonable care in designing, manufacturing and furnishing the Equipment to Matrix for the Project.

31. Cobey failed to exercise reasonable care in designing, manufacturing and furnishing the Equipment to Matrix for the Project, causing Matrix significant damages in an amount to be proven at trial, and for which Cobey is obligated to indemnify Matrix but Cobey has failed and refused to do so, thereby breaching its indemnification obligation to Matrix, and causing further significant damages, costs and attorneys' fees, in amounts to be proven at and/or following trial.

## Count Five – Professional Negligence

32. Matrix incorporates its prior allegations as though set forth fully herein.

33. Cobey owed Matrix a duty to perform its services under the Purchase Order with professional skill, care, and diligence.

34. Cobey failed to perform its services with professional skill, care, and diligence, thereby breaching its duty to Matrix, and causing Matrix to incur significant damages in an amount to be proven at trial.

## Prayer for Relief

Wherefore, Matrix prays for the Court to enter judgment in its favor and against Cobey as follows:

A. For Matrix's compensatory damages in an amount to be proven at trial;

B. For Matrix's costs and attorneys' fees as allowed by the Purchase Order and law;

C.  For pre-judgment interest on Matrix's damages and post-judgment interest on Matrix's damages, costs, and attorneys' fees as allowed by law; and

D.  For such other relief as the Court deems just and proper.

**Demand for Jury Trial**

Pursuant to Fed. R. Civ. P. 38, Matrix hereby demands a jury trial.

DATED this 17th day of May, 2022.

SNELL & WILMER L.L.P.

By: s/Jason Ebe
Jason Ebe
Creighton Dixon
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Attorneys for Plaintiff Matrix Service Inc.

- 6 -

4877-2118-7869